

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 13, 1992

Honorable John Sharp
Comptroller of Public Accounts
L. B. J. State Office Building
Austin, Texas 78774

Opinion No. DM-141

Re: Whether the procedure for adjusting the rate of assessment the Public Utility Commission specified in title 16 of the Texas Administrative Code sections 21.182 and 23.5 satisfies V.T.C.S. art. 1446c, section 78, which requires the commission to adjust the rate of assessment "subject to the approval of the Legislature," and related questions (RQ-329)

Dear Mr. Sharp:

You have requested our opinion on the issue of adjustments to the rate of assessment imposed under the Public Utility Regulatory Act (the PURA), V.T.C.S. art. 1446c. Article XII of the PURA establishes a method by which the Public Utility Commission (the PUC or the commission) must raise revenues sufficient to cover the expenses of the PUC and the Office of Public Utility Counsel (the OPUC). Section 78 of the PURA requires each public utility[1] within the PUC's jurisdiction to pay an assessment calculated as a percentage of the public utility's gross receipts. Section 78 reads, in pertinent part, as follows:

> An assessment is hereby imposed upon each public utility within the [PUC's] jurisdiction . . . serving the ultimate consumer equal to one-sixth of one percent of its gross receipts[2] from rates[3] charged the ultimate consumers in Texas for the purpose of defraying the costs and expenses incurred in the

---

[1]See V.T.C.S. art. 1446c, § 3(c) (defining "public utility"); 16 T.A.C. § 23.3 (same).

[2]See 34 T.A.C. § 3.513(a)(1) (defining "gross receipts").

[3]See V.T.C.S. art. 1446c, § 3(d) (defining "rate"); 34 T.A.C. § 3.513(a)(2) (same); 16 T.A.C. §§ 21.2, 23.3 (same).

administration of this Act.[4] Thereafter the commission shall, subject to the approval of the Legislature, adjust this assessment to provide a level of income sufficient to fund the commission and the office of public utility counsel.... Recovery of costs under this section by the Office of Public Utility Counsel shall not exceed $175,000 per annum. Nothing in this Act or any other provision of law shall prohibit interexchange telecommunications carriers who do not provide local exchange telephone service from collecting the fee imposed under this Act as an additional item separately stated on the customer bill as "Utility Gross Receipts Assessment."

V.T.C.S. 1446c, § 78 (footnotes added). The comptroller of public accounts must collect the assessments and deposit them into the state's general revenue fund. V.T.C.S. art. 1446c, § 80; see 34 T.A.C. subch. U (stating procedures for paying public utilities gross receipts "tax"); 16 T.A.C. § 23.11(i) (same).

Your questions focus on the procedure by which the commission must adjust the level of assessment. As we explain, we conclude that section 78 of the PURA does not delegate power to the PUC; thus, only the legislature can change the level of the assessment.

The legislature adopted the PURA in 1975, imposing at that time an assessment of one-sixth of one percent of gross receipts of utility companies. See Acts 1975, 64th Leg., ch. 721. From the time the legislature enacted the PURA in 1975 until February 1992, neither the legislature nor the PUC adjusted the rate of assessment. However, in February 1992 the PUC adopted two rules relating to adjustments to the rate of assessments the state collects pursuant to section 78 of the PURA. See Public Utility Comm'n, 17 Tex. Reg. 1539-42 (1992); 16 Tex. Reg. 5941 (1991). The rules will become effective August 17, 1992. 17 Tex. Reg. at 1540, 1542. Only one of the rules, which will be codified as title 16 of the Texas Administrative Code section 21.182, is germane to your questions.[5]

---

[4]See also 34 T.A.C. § 3.513(b) (assessing each public utility within PUC's jurisdiction "tax" equal to one-sixth of one percent of its gross receipts from rates charged to ultimate consumer).

[5]The rule that is not germane to your question will be codified as title 16 of the Texas Administrative Code § 23.5. Section 23.5 is a substantive rule that addresses how the public utilities' rates will be adjusted to recognize the adjustments in the assessment. See 17 Tex. Reg. 1540-42

Title 16 of the Texas Administrative Code section 21.182 is a procedural rule that establishes the process by which the PUC shall adjust the assessment following each legislative session in which the PUC's and OPUC's budgets are set.[6] *See* 17 Tex. Reg. 1539-40 (1992); 16 Tex. Reg. 5941 (1991). Under section 21.182(a), after the legislature has set the PUC's and the OPUC's budgets, the PUC shall issue an order which adjusts the level of assessment collected pursuant to section 78 of the PURA so that the amount collected will cover, as closely as possible, the PUC's and OPUC's administrative costs, as well as employee fringe benefits for which the PUC and the OPUC do not directly pay. In addition, section 21.182(b) permits the PUC to adjust the level of assessment after any legislative or gubernatorial action that

---

(footnote continued)

(1992). We understand that some questions exist concerning the validity of § 23.5. The questions you pose, however, do not require that we consider § 23.5.

[6]Section 21.182 of title 16 of the Texas Administrative Code reads as follows:

(a) After each legislative session in which the commission's and Office of Public Counsel's budgets are set as part of the Appropriation Act, the commission shall issue an Order setting the level of the assessment to be imposed on each utility subject to the assessment under the Act, § 78. The assessment level shall be computed by dividing the general revenue budget appropriated for both the Office of Public Utility Counsel and the Public Utility Commission less Senate Bill 444 revenues by the Comptroller's estimate of the revenues over the biennium of utilities subject to the assessment. For purposes of computing the assessment, the budgets of the Office of Public Utility Counsel and the commission shall be increased to account for overhead related to employee fringe benefits by using the most recent percentage for such overhead for state agencies calculated by the Legislative Budget Board. The commission shall also include any other known adjustment arising from governmental action, such as across the board salary increases and budget cuts, that may increase or decrease the commission's and the Office of Public Utility Counsel's cost of operation during the biennium.

(b) The commission may also adjust the rate of assessment at times other than after the passage of a general appropriations act when action by the legislature or the Governor changes the commission's and the Office of Public Utility Counsel's budgets in the aggregate by more than 25%. In such cases, the same methodology for setting the assessment as outlined in the previous subsection shall be used.

(c) After the order is issued setting the assessment, the chairman of the commission shall send a copy of the order to the comptroller.

16 T.A.C. § 21.182.

changes the PUC's and the OPUC's budgets in the aggregate by an amount greater than twenty-five percent. Section 21.182 does not require the PUC to inform the legislature of the proposed adjustment before ordering the adjustment.[7]

In addition to promulgating section 21.182, the PUC adopted an order lowering the level of assessment from one-sixth of one percent, as specified in section 78, to one-sixteenth of one percent. This order, like section 21.182 of title 16 of the Texas Administrative Code, will become effective on August 17, 1992. Notably, the PUC enacted this order without previously seeking or obtaining legislative approval of the proposed adjustment. Indeed, at the time the PUC adopted the order, the legislature was not in session and was not scheduled to meet in regular session until January 1993.

We understand you to ask, first, whether the PUC's order lowering the level of assessment is invalid because the PUC failed to seek legislative approval before issuing the order; and second, whether the procedure the PUC establishes for adjusting the level of assessments in title 16 of the Texas Administrative Code section 21.182 is invalid because the rule does not require that the PUC obtain the legislature's approval on the proposed adjustment before it becomes effective. Third, you ask whether section 316.045 of the Government Code, which establishes a procedure a state agency must follow when it proposes to reduce the fees it collects, applies to the PUC in this situation. As we determine that the PUC's order and title 16 of the Texas Administrative Code section 21.182 are invalid under section 78, we do not consider your third question.

Section 78 of the PURA requires the PUC to adjust the assessment "subject to the approval of the Legislature." If section 78 provides that the legislature's authority to adjust the assessment is contingent upon receiving a recommendation from the PUC, it is constitutionally invalid because the state constitution vests legislative power solely in the Senate and House of Representatives. *See* Tex. Const. art. III, § 1. We must presume that this statute is constitutional, however, and construe the statute in a way that harmonizes with the constitution. Attorney

---

[7]Indeed, under title 16 of the Texas Administrative Code § 21.182, the PUC never need inform the legislature that it has adjusted the level of assessment. Section 21.182 requires the PUC to inform only the comptroller that the PUC has adjusted the level of assessment. 16 T.A.C. § 21.182(c); *see* V.T.C.S. art. 1446c, § 80 (requiring PUC to notify comptroller of public accounts of any adjustment that PUC makes to level of assessment).

General Opinion M-240 (1968) at 3; SUTHERLAND, STATUTORY CONSTRUCTION § 45.11, at 48-50 (1992).

On its face, section 78 provides that the PUC effectively cannot adjust the assessment; legislative action is necessary to adjust the assessment. In our opinion, therefore, section 78 does not delegate to the PUC any authority to adjust the level of the assessment. Clearly, any PUC attempts to adjust the level of the assessment of its own accord are *ultra vires*. Consequently, title 16 of the Texas Administrative Code section 21.182, because it establishes a procedure whereby the PUC acting on its own can adjust the level of the assessment, is invalid. Likewise, the PUC order that attempts to reduce the level of the assessment from one-sixth of one percent to one-sixteenth of one percent is invalid.

## S U M M A R Y

Section 78 of the Public Utility Regulatory Act does not delegate any authority to the Public Utility Commission to adjust the level of assessment. Thus, only the legislature is authorized to adjust the level of assessment. An order the PUC has adopted, to be effective August 17, 1992, reducing the level of assessment, is without authority and therefore invalid. Likewise, title 16 of the Texas Administrative Code section 21.182, setting forth the procedure the PUC must use to adjust the level of assessment, is invalid.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General



RECEIVED
JUL 22 1992
RECORDS MANAGEMENT
SUPPORT SERVICES